Van Brunt, P. J.
The attachment in this action was issued upon the ground that the defendants had assigned, disposed of and secreted their property with intent to defraud their creditors.
It was distinctly established that the defendants in this action were in difficulties and desired to get an extension of time and to devise some plan by which their property could be placed beyond the reach of their creditors, in order that they might procure such extension. The formation of a corporation was first resorted to for the purpose of carrying out this fraudulent scheme; but the defendants having been informed by the attorneys for certain of their creditors, and by their own attorneys, that this disposition of their property was a fraud upon their creditors and could be set aside, certain meetings were had by the creditors and the defendants for the purpose of seeing what should be done under the circumstances ; and it appears from the affidavits that the defendants assured these creditors that nothing would be done by them towards giving one creditor a preference, and that all the creditors should be treated equally and should share pro rata under the agreement which had been made between the creditors and the defendants. Subsequently, the corporation re-transferred the property to the defendants, and thereupon the defendants confessed judgment in favor of certain of their creditors, and caused executions to be issued upon such judgments, and then issued a notice for a meeting of their creditors, at which a statement of the affairs of the defendants was to be given and a proposition for settlement would be submitted.
It needs but a mere statement of these features.of the case to show the animus which actuated these defendants.
It is urged that the defendants had a right to prefer any creditor whom they might see fit This is undoubtedly true, if such preference was honestly made, but if made for the purpose of forcing a settlement with the other creditors, then it was fraudulent, and however bona fide the debt might be which was due to the creditor, the fraudulent intent of the parties confessing the judgments invalidated the whole proceeding.
It appears distinctly that the sole object and intent of these parties was to prevent their creditors from seizing upon their property. They resorted to the scheme of a corporation first, and when that was pronounced fraudulent, then they confess these judgments, cover them with executions and say to the creditors: “Now settle.”
These facts appear without dispute; and it further appears that *865 these creditors were lured to sleep by the promise of these debtors that they would not prefer one creditor over another.
It may be true that the restoration of the property of the defendants by the corporation to them restored them to the position in which they originally were, but they were still overshadowed by the fraudulent intent which actuated them in resorting to that scheme for the protection of their property against their creditors and naturally cast suspicion upon any of their acts by which their property was taken away from the legitimate claims of creditors.
The learned counsel for the appellant seems to be of the opinion that because the debts for which the judgment was confessed were bona fide that therefore the confessions cannot, be assailed. But the difficulty is that it needs something else beside a bona fide debt in order to support the confession of a judgment
It is necessary that such confession should be given for a bona fide purpose; and it is clear from the evidence in this case which is undisputed, that there was an intent upon the part of these defendants to force a settlement by placing their property beyond the reach of their creditors.
We think, therefore, that the order sustaining the attachment should be affirmed, with costs.
Daniels, J., concurs.